FILED

16 DEC -6 PM 2: 25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:            ML            DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NITA F. GATLIN,<br><br>                        Plaintiff,<br>v.<br><br>CAROLYN C. COLVIN,<br><br>                        Defendant. | Case No.: 3:15-cv-01888-BEN-PCL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>**[Docket Nos. 11, 12, 15]** |

      Plaintiff Nita Gatlin filed this action seeking judicial review of the Social Security Commissioner's denial of her application for Disability Insurance Benefits under the Social Security Act. (Docket No. 1.) Plaintiff and Defendant filed motions for summary judgment which were fully briefed. (Docket Nos. 11-14.)

      Magistrate Judge Peter C. Lewis has issued a thoughtful and thorough Report and Recommendation recommending this Court grant in part Plaintiff's Motion for Summary Judgment and deny Defendant's Cross-Motion for Summary Judgment. (Docket No. 15.) Specifically, the Report and Recommendation found the Administrative Law Judge ("ALJ") erred in failing to provide the entire record to the medical expert, which may have affected the medical expert's analysis of Plaintiff's impairments, the ALJ's analysis of Plaintiff's credibility, and the ALJ's analysis of the treating physicians' opinions. Judge Lewis recommends remanding the case to the Social Security Administration for

further development of the record with regard to the medical expert's opinion, as well as reevaluation of the treating physician's opinions. Defendant filed Objections to the Report and Recommendation and Plaintiff has filed a Reply to those Objections. (Docket Nos. 16, 17.) For the reasons that follow, the Report and Recommendation is **ADOPTED**.

## BACKGROUND

The Report and Recommendation sufficiently details the administrative record in this case. The Court will not repeat it here, but notes relevant facts as warranted in the Court's analysis of Defendant's Objections.

## DISCUSSION

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Defendant objects that any error in failing to provide the medical expert with complete records was harmless because the outstanding records would not have affected the medical expert's opinion. Defendant also argues that the record as a whole supports both the medical expert's opinion and the ALJ's resulting RFC determination. The Court disagrees, overrules Defendant's Objections, and adopts the Report and Recommendation.

At Plaintiff's September 26, 2014 hearing, a medical expert, Dr. Robert Sklaroff, provided an opinion that the ALJ relied on in determining Plaintiff's residual functional

capacity ("RFC"). During the hearing, Plaintiff testified that, on July 4, 2014, she fell 13 feet from a balcony, and sustained injuries, including six broken ribs, a broken sternum and three spinal fractures. (Administrative Record ("AR") 35.) The ALJ was informed that the medical records from this incident were not a part of the record. (AR 35-36.) However, rather than continue the hearing to a date after Plaintiff's outstanding records were received, the ALJ decided to proceed on the records already submitted. (AR 36.)

The outstanding medical records consist of Plaintiff's hospital records from the July 4, 2014 balcony-fall incident, a medical source statement from Dr. Bagheri regarding those injuries, and Plaintiff's physical therapy records from 2012. (Docket No. 16. at 3.) During the hearing, the ALJ represented that there would be an additional hearing once the outstanding records were provided, and that the ALJ would call Dr. Sklaroff for the "next hearing." (AR 46.) However, the ALJ never scheduled an additional hearing. Further, the ALJ never provided Dr. Sklaroff with the missing exhibits, or an opportunity to revise his opinion based on his review of the record as a whole.

Instead, after Plaintiff provided the supplemental records, the ALJ proceeded to make his determination. In denying Plaintiff's claim, the ALJ relied heavily on Dr. Sklaroff's opinion testimony, which did not include review or analysis of the supplemental records, and gave little weight to Plaintiff's treating physicians, whose findings were inconsistent with Dr. Sklaroff's opinion. As a matter of law, an ALJ cannot dismiss the conclusions of treating physicians by relying heavily on the testimony of a medical expert who relied on an incomplete records. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

The Court cannot say the record was full and fairly developed because it is undisputed that Dr. Sklaroff did not have the entire record before him when he testified, and was under the impression that he would receive additional records and would provide additional testimony upon receipt. Even if the additional records would not have changed Dr. Sklaroff's opinion (something upon which it can only be speculated), the ALJ still

erred in not providing a "full and fairly developed" record to the medical expert he later relied upon in making his RFC determination. *See Brown v. Heckler*, 713 F. 2d 441, 443 (9th Cir. 1983) (an administrative law judge has a "special duty to fully and fairly develop the record and to assure the claimant's interests are considered.").

Moreover, contrary to Defendant's assertion, the Court is not in a position to determine whether the medical expert's opinion would change based on supplemental medical records. One could well imagine that the medical consequences of a 13-foot fall would significantly affect a person's RFC. The Court agrees with Judge Lewis's conclusion that providing Dr. Sklaroff with the supplemental records could have affected the medical expert's analysis of Plaintiff's impairments, the ALJ's analysis of Plaintiff's credibility, and the ALJ's analysis of the treating physicians' opinions. Remand is required.

## CONCLUSION

The Report and Recommendation is **ADOPTED** and this matter is **REMANDED** to the Social Security Administration.

**IT IS SO ORDERED.**

DATED: December 5, 2016

HON. ROGER T. BENITEZ
United States District Judge